UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MYRON SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   1:17-cv-01325-JBM-JEH |
| ) | |
| WILLIAM YODER, ) | |
| JESSE WHITE ) | |
| ) | |
| Defendants. ) | |

## ORDER & OPINION

The Matter before the Court is Plaintiff's Motion for Leave to Proceed in forma pauperis. (Doc. 2). For the reasons stated below, the Court will grant Plaintiff's Motion for Leave to Proceed in forma pauperis. Because Plaintiff is proceeding in forma pauperis, his Complaint (Doc. 1) must be screened pursuant to 28 U.S.C. § 1915. Because Plaintiff has failed to state a claim upon which relief could be granted, Plaintiff's Complaint (Doc. 1) is dismissed.

### I.  BACKGROUND

Plaintiff attempts to bring this Complaint against Defendants for a violation of 42 U.S.C. § 1983. (Doc. 1 at 1).[1] He details two specific allegations.

---

[1] The Court notes that Plaintiff provided a string of statutes that he alleges Defendants also violated. However, most of those citations are inapplicable. Therefore, the Court narrows its analysis of the Complaint to the statutory violations that are applicable based on the facts Plaintiff alleged, which are Plaintiff's § 1983 claims. However, the Court will briefly address the inapplicability of the other statutes Plaintiff cites.
  Plaintiff also alleges violations of "18 U.S.C. §§ 241 & 242, Section 245, and 42 U.S.C. § 14141, Civil Rights Act 1964, 42 U.S.C. §2000d, [and] due process of law."

First, he alleges that Defendant White, Illinois's Secretary of State, implemented a policy or custom that suspended Plaintiff's Illinois driver's license, despite Plaintiff never applying for one. (Doc. 1 at 2). More specifically, Plaintiff alleges that on or about November of 1987 or 1988, Secretary White suspended his Illinois driver's license and that he was subsequently charged with auto theft, attempting to elude a peace officer, and driving 11-14 miles per hour above the speed limit. (Doc. 1 at 4). Plaintiff was found guilty of a least one of those charges. (Doc. 1 at 4). Plaintiff also alleges that "[Secretary] White suspended my Illinois driving license by taking my [social security number], date of birth, and name to a driving license number and then suspending it. I Myron Simmons has [sic] never had an Illinois license. At the time of . . . all those tickets, I had an Ohio driving license." (Doc. 1 at 5). Plaintiff claims that as a result of the Secretary's conduct, Plaintiff was arrested multiple times for driving with a suspended license and that he lost multiple cars in the state of Illinois. (Doc. 1 at 5).

Second, he alleges that Defendant Yoder, a McLean County judge, refused to allow his witness to be called at trial for driving with a revoked license. (Doc. 1 at 2).

---

The Court notes that Title 18 of the United States Code is a criminal title and cannot support civil suits. *See, e.g., Wickerham v. United States Treasury Dep't*, No. CV-S-99-1702-KJD LRL, 2001 U.S. Dist. LEXIS 5021, at *5-6 (D. Nev. Mar. 22, 2001). Additionally, 42 U.S.C. § 14141 pertains to juvenile justice and the incarceration of juveniles; therefore, it is inapplicable here. Likewise, 42 U.S.C. § 2000d prohibits the denial of federally assisted programs based on the ground of race, color, or national origin; therefore, it is inapplicable here. Additionally, the Civil Rights Act of 1964 prohibits discrimination based on race, color, religion, sex, or national origin. However, Plaintiff makes no factual allegation of discrimination; therefore, it is inapplicable here. Lastly, Plaintiff alleges a violation of due process; however, he makes no factual allegations pertaining to said violation. To the extent that the due process violation is a part of his claim against Secretary White, it does not change the analysis performed in § III.A, finding the claim untimely.

This trial resulted in a finding of guilt. (Doc. 1 at 7). Specifically, Plaintiff alleges that "[Judge Yoder's] statement to me was that he was not allowing no states attorney, public defender, or a state police [officer] from another county to testify in his court." (Doc. 1 at 8).

## II. Motion to Proceed in forma pauperis

The Court grants Plaintiff's Motion to Proceed in forma pauperis. (Doc. 2). A court may allow a civil suit to proceed without the prepayment of fees when a plaintiff submits an affidavit that includes a statement of all their assets, and shows that they are unable to pay filing fees or provide security for the payment of a filing fee. 28 U.S.C. § 1915(a)(1). The affidavit must "state the nature of the action . . . and affiant's belief that the person is entitled to redress." *Id.* However, the "privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privileges were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In support of his Motion, Plaintiff states under penalty of perjury that his monthly income is approximately $784.00 in wages and $357.00 in food stamps.[2] (Doc. 2 at 2). Plaintiff also states that he has approximately $835.29 in monthly expenses. (Doc. 2 at 4-5). Additionally, Plaintiff has a 7 year old daughter for whom

---

[2] The Court notes that Plaintiff list "$9,408" in the column titled "Average monthly income amount during the past 12 months." (Doc. 2 at 1). However, it appears that that is Plaintiff's yearly income because he lists his monthly wages as $784, which would yield approximately $9,408 for the year. (Doc. 2 at 2). Therefore, the Court believes $784 is the appropriate monthly wage. The Court cautions Plaintiff to pay more care to any future filings with the Court.

3

he cares. (Doc. 2 at 5). Therefore, based on Plaintiff's submission, the Court concludes that he is entitled to proceed in forma pauperis.

## II. 28 U.S.C. § 1915 SCREENING

Under 28 U.S.C. § 1915(e)(2), the Court must screen complaints proceeding in forma pauperis. The Court must then dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff's claim against Secretary White is untimely. Plaintiff's claim against Judge Yoder is barred by the *Heck* doctrine. Additionally, Judge Yoder has absolute immunity against money damages for decisions he made during Plaintiff's criminal proceedings. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B) de novo, courts use the same standards as that which apply to Rule 12(b)(6) dismissals. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff. *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a pro se complaint is to be construed liberally and held to "less stringent standards than a formal pleadings by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, a pro se plaintiff is not excused from meeting the basic pleading requirements of Federal Rule of Civil Procedure 8(a). *Pearle Vision, Inc. v. Romm*, 541 F.3d 751,758 (7th Cir. 2008). A plaintiff must contain sufficient factual matter to "state a claim that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); "plausible on its face" is otherwise stated as "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). A pleading that simply offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions devoid of factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678.

Furthermore, even pro se plaintiffs must identify a plausible right to relief in order to satisfy the pleading requirements. *Killebrew v. St. Vincent Health, Inc.*, 295 F. App'x 808, 810 (7th Cir. 2008). A dismissal of a complaint is appropriate when "'the factual detail . . . is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'" *Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)). Additionally, a district court should not assume the role of an advocate for the pro se litigant and cannot rewrite a petition to include claims that were not presented. *United States v. Buddhi*, Nos. 2:06-CR-63, 2:13-CV-128, 2014 U.S. Dist. LEXIS 68145, at *7 (N.D. Ind. May 19, 2014) (citation omitted); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("We decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that

duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.").

### A. PLAINTIFF'S § 1983 CLAIMS AGAINST SECRETARY WHITE ARE UNTIMELY

Plaintiff's claims against Secretary White must be dismissed because they are untimely. In Illinois, the statute of limitations for claims filed under 42 U.S.C. § 1983 is two years. *Liberty v. City of Chi.*, 2017 U.S. App. LEXIS 11410, at *3 (7th Cir. 2017) (citing *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (explaining that the appropriate statute of limitations is set forth by Illinois's personal injury statute of limitations, which is two years pursuant to 735 Ill. Comp. Stat. 5/13-202)). Plaintiff alleges that his claim against Secretary White arose in either 1987 or 1988. (Doc. 1 at 4). Therefore, it is well beyond the appropriate statute of limitations and must be dismissed.

### B. PLAINTIFF'S CLAIMS AGAINST JUDGE YODER ARE BARRED BY *HECK V. HUMPHREY*

Plaintiff's claim against Judge Yoder are barred by *Heck v. Humphrey*. 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that:

> "in order to recover damages . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a habeas corpus, 28 U.S.C. § 2254."

*Id.* at 486-87. Furthermore, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated *is not cognizable under § 1983.*" *Id.* (emphasis added).

Plaintiff alleges that because of Judge Yoder's refusal to allow his witness to testify that he was convicted of driving on a revoked license. Therefore, if Plaintiff were to recover damages for this action, it would subsequently render his conviction invalid. *Heck* explicitly bars this type of claim and declares it not cognizable. Therefore, Plaintiff's claim against Judge Yoder must be dismissed.

### C. JUDGE YODER HAS ABSOLUTE IMMUNITY FOR DECISIONS HE MADE WHILE PRESIDING OVER PLAINTIFF'S CRIMINAL PROCEEDING

Additionally, Judge Yoder has absolute immunity from suits for money damages for decisions he made while presiding over Plaintiff's criminal proceeding. *See Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *see also Forrester v. White*, 484 U.S. 219 (1988); *Scruggs v. Moellering*, 870 F2d 376 (7th Cir. 1989), *cert. denied*, 493 U.S. 956 (1989). Furthermore, even if a judge's actions were taken maliciously, he or she is still accorded absolute immunity for judicial acts performed not in the clear absence of jurisdiction. *Stump*, 435 U.S. at 356-57. Therefore, this also supports dismissal of Plaintiff's claim against Judge Yoder.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is GRANTED.

Plaintiff's claim against Secretary White under 42 U.S.C. § 1983 is untimely. Plaintiff's claim against Judge Yoder is barred by the *Heck* doctrine. Furthermore, Judge Yoder has absolute immunity for judicial decisions made during Plaintiff's criminal proceedings. Neither of Plaintiff's claims can be cured of its defect; therefore, Plaintiff's entire complaint is DISMISSED WITH PREJUDICE.

Entered this __18th__ day of July, 2017.

                                        s/ Joe B. McDade
                                        JOE BILLY McDADE
                            United States Senior District Judge